IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ACCESS 4 ALL, INC., et al.    :

    Plaintiffs,    :

  v.    :    Case No. 2:06-cv-0374

OM MANAGEMENT, LLC, et al.    :    MAGISTRATE JUDGE KEMP

    Defendants.    :

<u>ORDER</u>

On October 19, 2007, this Court issued a notice setting this case for a bench trial on January 15, 2008 at 9:00 a.m.  A representative of the defendant corporations appeared for the trial.  However, no one appeared on behalf of the remaining plaintiff, Randy Young.  The purpose of this order is to set forth the facts, as the Court understands them, relating to that non-appearance; to deny plaintiff's pending motion for default judgment; to stay the case for thirty days in order to allow the defendants to obtain counsel; and to order counsel for the plaintiff to show cause why he should not be sanctioned for his apparent disregard of his professional responsibilities and the Rules of Practice applicable in this Court.

I.

The record reflects the following facts pertinent to this order.  As noted, this case was set for a bench trial almost three months ago.  After the trial date was set, counsel for the two corporate defendants withdrew.  The Court issued an order on December 4, 2007 advising the defendants that if they wished to continue to defend the case, they had to find substitute counsel.  That did not happen prior to trial.

On January 9, 2008, plaintiff Randy Young filed a witness

and exhibit list.  Three witnesses, including himself, the President of the defendant corporations, Tushar Shelat, and William Norkunis, an expert witness, were listed.  There was no indication in that document that plaintiff did not intend to move forward with the trial.

On January 14, 2008, the Court's regular business day concluded at 5:00 p.m.  At 9:43 p.m., Mr. Young filed a motion for a default judgment.  The motion recited that the defendants failed to provide a witness or exhibit list and therefore waived the right to call witnesses at trial.  Despite being titled a motion for default judgment, the motion cited only to Fed.R.Civ.P. 55(a), which governs the entry of default rather than default judgment.  That motion also did not request any relief from the previously-scheduled trial date.

At 10:35 p.m. on January 14, 2008, the undersigned's Courtroom Deputy, Ms. Wanda Harrison, received via email a letter from Owen B. Dunn, Jr., one of the attorneys for plaintiff Randy Young.  The letter recited that plaintiff Young had been admitted to the hospital on January 5, 2008, underwent surgery two days later, and remained hospitalized.  After his release from the hospital, he would require bed rest for a period of several weeks.  As a result, Mr. Dunn requested that both he and his client be excused from the trial.

The trial began as scheduled on January 15, 2008.  Neither Mr. Dunn nor any other attorney appeared for the plaintiff.  Mr. Shelat appeared for the defendants.  He had personally appeared in the Clerk's office the previous day and had been told that the trial was going forward.  He advised the Court that he had not received any communication, written or oral, from Mr. Dunn about continuing or cancelling the trial.  He also stated that he was in the process of retaining an attorney to represent the corporate defendants and requested a 30-day continuance to allow

2

him to do that.  The trial was recessed without the taking of any testimony.  It is on the basis of these facts that the Court will determine the appropriate procedural steps to be taken in this case.

## II.

The Court begins with Mr. Shelat's request for a 30-day stay of proceedings in order to permit the corporate defendants to retain an attorney.  Although a non-attorney is not permitted to represent corporate parties in litigation, the Court sees no reason why a corporate officer cannot inform the Court that the corporations are in the process of retaining counsel and why the Court may not, when presented with that information, exercise its discretion to continue proceedings in the case in order to allow that to occur.  The request was made in open court at a hearing which, as discussed below, should also have been attended by counsel for Mr. Young.  Mr. Young therefore waived his right to be heard in opposition.  Consequently, the Court will grant the motion to stay.  There will be no proceedings in this case for the next 30 days.  The defendants shall make every effort to cause an attorney to enter an appearance on their behalf within that time frame.  Because the Court is granting the defendants' request for additional time, the motion for a default judgment (which is, technically, a request for the Court to enter the defendants' default) will be denied.

## III.

The Court now turns to the failure of counsel for the plaintiff to appear for the scheduled trial.  The Court considers the actions of Mr. Dunn to be discourteous, unprofessional, and bordering on contumacious.  For the following reasons, Mr. Dunn will be directed to show cause why the Court should not impose sanctions against him, personally, for the manner in which he conducted himself with respect to the trial.

The Court begins with a procedural observation.  Local Rule 7.2(c) is quite specific concerning the appropriateness of sending letters to the Court.  It reads in full as follows:

> Letters to the court are generally inappropriate and disfavored, unless (1) requested by the Court in a specific matter, or (2) advising the Court of a settlement of a pending matter.  All other written communications shall be by way of formal motion or memorandum submitted in compliance with these Rules.  All letters sent to the court shall be contemporaneously served upon opposing counsel, unless otherwise ordered by the Court.

The letter sent by Mr. Dunn, even if it had been timely provided to the Court, is in clear violation of this Rule.  A formal motion, submitted in compliance with the Federal Rules of Civil Procedure and the Court's Local Rules, must be filed if a party is requesting a continuance.  The Rule also provides that any letter sent to the Court must contemporaneously be served upon an opposing party.  That did not occur here.  Consequently, Mr. Dunn's letter is, procedurally, a nullity.  The correct legal interpretation of his action is that he simply failed to appear at a scheduled trial without having filed a proper motion either for a continuance of the trial date or for leave not to appear.  Further, even if the letter were construed as a motion, Mr. Dunn was aware at the time of his failure to appear that the Court had not granted him permission not to appear at the trial and had not continued the trial.

Counsel's actions in this case go well beyond a straightforward violation of the Rules of Practice.  Mr. Dunn submitted his letter to the Court at a time when he was surely aware that no court personnel would likely receive it until minutes before the trial was scheduled to begin.  He also knew when he sent his letter that because he did not send a

contemporaneous copy to Mr. Shelat, if Mr. Shelat were planning to attend the trial, he would have no reason to suspect it would not go forward.  In fact, exactly those consequences ensued.  The Court saw the letter minutes before the trial was scheduled to begin, and Mr. Shelat did appear.  These were expectable and foreseeable consequences of Mr. Dunn's decision to communicate with the Court at 10:35 p.m. on the eve of trial.

There may be extreme cases where such a last-minute communication is excused by the circumstances.  This does not appear to be one of them.  According to Mr. Dunn's own letter, Mr. Young was hospitalized ten days before the beginning of the trial and operated on eight days before.  Even if Mr. Young had been discharged from the hospital immediately, he apparently would have required a significant amount of bed rest and would have been physically unable to attend the trial.  Despite this knowledge, Mr. Dunn did not advise the Court in any of his pre-trial filings that there might be complications with beginning the trial as scheduled.  A simple request for a status conference on any day between January 5, 2008 and January 15, 2008 would have allowed Mr. Dunn to explain the situation and to explore with the Court how to solve the problem.  His failure to do so and his decision to wait until 10:35 p.m. on the day before the trial to send his procedurally inappropriate communication is a violation of both common sense and common courtesy.  Further, it exhibits a willful or reckless disregard for the integrity of court orders and court proceedings.

It is clear that the Court has the inherent power to impose appropriate sanctions for an attorney's failure to appear at trial or for similar failures to adhere to the Court's scheduling orders.  See Bowles v. City of Cleveland, 129 Fed. Appx. 239 (6th Cir. April 25, 2005).  One reason that such inherent power exists is that there is a "need to sanction conduct that is

disrespectful to the Court and to deter similar conduct in the future." Butera v. District of Columbia, 235 F.3d 637, 661 (D.C. Cir. 2001). The case law makes clear, however, that if the disrespectful conduct has been engaged in by an attorney rather than a party, it is the attorney who should be sanctioned. See Morrison v. International Programs Consortium, 240 F.Supp. 2d 53, 56 (D.D.C. 2003).

It is difficult to imagine conduct more disrespectful to the Court and opposing parties than failing to appear for trial. Were the Court to permit the failure to appear to go unheeded, other parties in the same case, and other litigants before the Court, would conclude that they, rather than the Court, control the scheduling of courtroom proceedings and may choose to attend or not to attend at their pleasure. No court system can operate in such a fashion. Even the least experienced practitioner understands that when the Court sets a trial date, the parties and their counsel are expected to appear unless the Court has excused them from doing so or has continued the proceeding. When an attorney ignores this most fundamental precept of litigation practice, the Court is required to take action which will demonstrate both to that attorney and others that such conduct simply cannot be tolerated.

The Court may not, however, impose sanctions upon an attorney without giving the attorney an opportunity to be heard on the issue. Consequently, Mr. Dunn will be given the opportunity to respond to the Court's proposal to sanction him for his failure to appear. Any filing which he makes must include an affidavit or other proper evidentiary submission if his response relies upon facts which are not currently of record. Additionally, Mr. Dunn is advised that possible sanctions include not only the assessment of monetary sanctions against him to compensate for the waste of judicial resources involved in

convening a trial at which he did not appear and to deter both him and other attorneys from exhibiting disrespect for the integrity of court proceedings in the future, but also disciplinary sanctions.  The failure to appear at a scheduled trial to the potential detriment of the attorneys' client may well constitute a violation of ethical standards.  See Coston v. Detroit Edison Corp., 789 F.2d 377 (6th Cir. 1986).

IV.

Based upon the foregoing, all proceedings in this case are stayed for a period of 30 days.  Within that 30-day period, the defendants shall cause an attorney to enter an appearance on their behalf.  The pending motion for default judgment (#57) is denied.  Finally, Attorney Owen B. Dunn, Jr. shall show cause within 15 days of the date of this order why the Court should not impose monetary, disciplinary, or other sanctions against him based upon the facts outlined in this order.


/s/ Terence P. Kemp
United States Magistrate Judge